UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re PETER SZANTO,<br><br>        Debtor.<br><br>PETER SZANTO,<br><br>        Appellant,<br><br>    vs.<br><br>U.S. TRUSTEE, et al.,<br><br>        Appellees. | Case No. 3:14-cv-00389-RCJ<br>Bankr. No. 13-bk-51261-GWZ<br><br>**ORDER** |

      Debtor–Appellant Peter Szanto has filed several related cases in this Court. In 2011, he sued his brother, his brother's wife, and two of their business entities for, *inter alia*, alleged breaches of fiduciary duty (Case No. 3:11-cv-394). In 2014, during the pendency of his bankruptcy case (Case No. 13-bk-51261), Debtor–Appellant filed a civil complaint against the U.S. Trustee for alleged civil rights violations (Case No. 3:14-cv-259). Also in 2014, Debtor–Appellant moved to withdraw the reference of his bankruptcy case (Case No. 3:14-cv-322). The Court denied that motion, because the bankruptcy case had been dismissed.

      The present case is Debtor–Appellant's appeal of the dismissal of his bankruptcy case. Pending before the Court is Debtor–Appellant's Motion for Leave of Court to Continue

Proceedings in the Trial Court and to Enjoin Further Proceedings in this Court (ECF No. 14). Appellant argues that the Court should dismiss the appeal so that the Bankruptcy Court may consider Plaintiff's motion(s) to reconsider, because the case has been transferred to another bankruptcy judge. Plaintiff argues that the transfer indicates an admission of bias by the transferee judge.

Appellee JPMorgan Chase Bank opposes the motion, noting that when an appellant desires a remand for reconsideration, he must first obtain a ruling from the lower court indicating an intent to reconsider upon remand. *See, e.g.*, *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1975). There is no such indicative ruling in the record. Moreover, Appellee notes that the transfer in this case was not a recusal, but an administrative transfer by the Clerk of the Bankruptcy Court. The record confirms this, and nothing in the record indicates otherwise. The Court denies the motion.

Next, Appellant asks the Court for an extension of time to file his opening brief. The opening brief was originally due on September 21, 2014. The Court extended the date by one week to September 29, 2014 by stipulation. The Court later extended the date an additional two months to November 20, 2014 upon Appellant's motion. On November 19, 2014, Appellant filed the present motion indicating that the brief was "nearly finished" and requesting further extension until December 19, 2014. It is December 24, 2014 as of this writing, and Appellant has lodged no version of his opening brief. The Court will grant one final extension, two weeks beyond the present one-month extension Plaintiff has requested, to January 5, 2015. There will be no further extensions.

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave of Court to Continue Proceedings in the Trial Court and to Enjoin Further Proceedings in this Court (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the Motion to Extend Time to File Opening Brief (ECF No. 13) is GRANTED.  The Opening Brief is due January 5, 2015.  There will be no further extensions

IT IS SO ORDERED.

Dated:  This 30th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge