# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| *In re* PETER SZANTO, )<br>  )<br>　　　　Debtor. )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ )<br>  )<br>PETER SZANTO, )<br>  )<br>　　　　Appellant, )<br>  )<br>　　vs. )<br>  )<br>JP MORGAN CHASE BANK, N.A., )<br>  )<br>　　　　Appellee. )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ ) | Bankr. No. 13-bk-51261-BTB<br><br>3:14-cv-00389-RCJ<br><br>**OPINION AND ORDER** |

This is an appeal of an order of the Bankruptcy Court setting aside a previous order upon motion of the Appellee. For the reasons given herein, the Court dismisses the appeal for lack of jurisdiction.

**I.    FACTS AND PROCEDURAL HISTORY**

Appellant Peter Szanto filed for Chapter 11 bankruptcy protection in this District on June 25, 2013. On November 11, 2013, Appellant filed a Motion for Court Confirmation of Debt Compromise and Novation as to Secured Creditor JP Morgan Chase Bank, pursuant to Bankruptcy Rule 9019 (the "Motion"). The Motion noted that Appellant and Appellee JP Morgan Chase Bank, N.A. disputed the amount owed by Appellant on his mortgage of real

1  property at 11 Shore Pine Drive, Newport Beach, CA 92657 (the "Property").  The motion
2  represented that the parties agreed the unpaid principal balance was $953,182.17; Appellant
3  would begin making 360 monthly payments of $3865.58 as of December 1, 2013, as well as
4  monthly escrow payments of $1511.10 for taxes and insurance, for a total of $5376.68 per
5  month; the notice of default and the notice of trustee's sale recorded against the Property would
6  be expunged; and the Court would review the agreement on December 1, 2014 (the
7  "Agreement"). (*See* Motion 3–4, ECF No. 98 in Bankr. No. 13-51261).  Attached to the Motion
8  as support was a October 17, 2013 letter to Appellant from Appellee informing Appellant of an
9  impending adjustment of his monthly payments on his adjustable-rate mortgage (the "Letter").
10 (*See* Letter, ECF No. 98 in Bankr. No. 13-51261, at 9).  As of December 1, 2013, Appellant's
11 monthly payment for principal and interest would be $3865.58, and the total with escrow would
12 be $5376.68. (*Id.*).  The Letter recounted the monthly adjustments to the interest rate that had
13 occurred over the prior year and noted that the next "scheduled payment review date" was a year
14 from the date of the Letter, October 17, 2014. (*See id.*).

15       Appellant filed a notice of hearing for December 18, 2013.  On January 1, 2014,
16 Appellant filed a declaration indicating that at the December 18, 2013 hearing Judge Beesley
17 indicated he would grant the motion if a representative of Appellee signed the Agreement but
18 that Appellant believed the order was not contingent on such a signature.  On January 8, 2014,
19 Judge Beesley approved Appellant's proposed order granting the Motion (the "Settlement
20 Order"), (*see* Settlement Order, ECF No. 149 in Bankr. No. 13-51261), although there was yet no
21 evidence a representative of Appellee had ever signed the Agreement.

22       On March 14, 2014, Appellee filed a motion asking the Bankruptcy Court to set aside the
23 Settlement Order, because Appellee had not approved any compromise and the Motion had not
24 been properly served on Appellee. (*See* Motion to Set Aside, ECF No. 165 in Bankr. No. 13-
25 51261).  The Bankruptcy Court granted Appellee's motion on June 16, 2014 (the "Set Aside

Order") after holding a hearing on May 22, 2014. (*See* Set Aside Order, ECF No. 261 in Bankr. No. 13-51261). The Bankruptcy Court ruled that the Motion had been a contested matter under Bankruptcy Rule 9014 that was not properly served upon Appellee. The Settlement Order was therefore void under Civil Rule 60(b)(4). Furthermore, the Letter was not a compromise agreement under Bankruptcy Rule 9019. Finally, the Settlement Order was entered as a result of mistake, inadvertence, surprise, or excusable neglect under Civil Rule 60(b)(1). Appellant appealed the Set Aside Order to the Bankruptcy Appellate Panel, and Appellee elected to have the appeal heard in this Court.

## II.   STANDARD OF REVIEW

A bankruptcy court's conclusions of law, including its interpretations of the bankruptcy code, are reviewed de novo, and its factual findings are reviewed for clear error. *See Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). A reviewing court must accept the bankruptcy court's findings of fact unless it is left with the definite and firm conviction that a mistake has been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008).

## III.  ANALYSIS

### A.   Jurisdiction

Appellee first argues that the Court lacks jurisdiction over the appeal under 28 U.S.C. § 158(a). Appellee argues that the Set Aside Order is at most an interlocutory order, not a final order, and that interlocutory appeal under § 1292(a) is not appropriate, both because the dispute concerns no controlling question of law as to which there is substantial ground for difference of opinion and because an immediate appeal will not materially advance the termination of the litigation. Appellee notes that the bankruptcy action was dismissed the day after the Set Aside Order issued. In any case, Appellee notes, the Bankruptcy Court has never certified the present matter for interlocutory review, as required under § 1292(b).

The Court agrees it has no jurisdiction under § 1292, the required certification not

appearing, even assuming the other requirements could be satisfied. The Court also agrees it has no jurisdiction under § 158(a). Issuance of an order approving a settlement under Bankruptcy Rule 9019 is a final order for the purposes of § 158(a) if it ends the litigation between the parties to the settlement. *See Ades–Berg Investors v. Breeden* (*In re The Bennett Funding Grp., Inc.*), 439 F.3d 155, 160 (9th Cir. 2006) (citing *Adam v. Itech Oil Co.* (*In re Gibralter Resources, Inc.*), 210 F.3d 573, 576 (5th Cir. 2000)). But although the Court would have had jurisdiction over a putative appeal by Appellee as to the Settlement Order (had the Bankruptcy Court denied Appellee's motion to set the Settlement Order aside), the Set Aside Order is an order setting aside a 9019 order, not an order granting one. It did not end any litigation between the parties. To the contrary, it revived it. The order that ended the litigation between the parties to this appeal was the dismissal order the Bankruptcy Court issued the next day. (*See* Dismissal Order, ECF No. 268 in Bankr. No. 13-51261). Appellant has separately appealed that order in Case No. 3:14-cv-355.

### B. The Merits

Even if the Court had jurisdiction over the present appeal, it would affirm the Bankruptcy Court. Not only was the Set Aside Order not in error, but its denial would have been error. The Letter was not an offer of compromise but an informational letter indicating the status of Appellant's mortgage. There is no language of compromise whatsoever in the Letter, or even any acknowledgment of any dispute to be compromised. If there were jurisdiction, the Court could affirm for this reason alone. The Court could also affirm on the alternative basis that Appellant never properly served Appellee with the Motion before the hearing. Appellant has made no showing of error of fact or law in this regard.

Appellant argues that the Court should reverse because the Bankruptcy Court made no factual findings on the record and did not issue a written opinion. That is incorrect. The Set Aside Order is a written order that includes factual findings and conclusions of law, even if not

explicitly so labeled, as the Court has recounted, *supra*.  Next, Appellant argues that the Bankruptcy Judge failed to recuse.  But Plaintiff has not via the present appeal challenged a denial of any motion for recusal, and as Appellee notes, Appellant filed his recusal motion after the Bankruptcy Judge entered the Set Aside Order.  Next, Appellant argues that the Bankruptcy Judge wrongly overruled Appellant's evidentiary objections at the hearing.  But the only alleged evidentiary error is that the Bankruptcy Court refused to declare that Appellee had been served with the Motion simply because Appellee had actual notice of the Motion.  That was not a potential evidentiary error, but a potential error concerning the law of service of process.  Anyway, it was no error.  Although actual knowledge may alleviate due process concerns, it does not excuse the separate requirement of service of process.  A waiver of service under Civil Rule 4(d)—which Appellant argues applies here because counsel at the hearing admitted having knowledge of the lawsuit before the hearing—requires more than acknowledgment of actual notice, otherwise there could be no such thing as a motion to dismiss for insufficient service of process, because a person making such a challenge necessarily has actual notice.  Under Civil Rule 4(d), a waiver of service of process requires a defendant to agree in writing to a plaintiff's written request to waive service under the strictures of that rule.  *See* Fed. R. Civ. P. 4(d).  Appellant makes no claim that this ever occurred in this case.  A review of the transcript of the hearing indicates no error as to the Bankruptcy Court's factual determination that Appellant failed to serve Appellee with the Motion under Bankruptcy Rule 7004(h).

      Finally, Appellant has requested an additional 30 days to file his reply brief.  Appellant previously requested an additional 30 days to file the reply brief based on his argument that his medical condition made research and briefing difficult.  In that motion, Appellant also asked the Court for guidance as to what to do with a compact disc ("CD") provided to him by Appellee that had not been filed with the Court.  The Court did not previously address this request, and Appellant has made the request again.  The Court notes that discovery materials not only need

not be filed with the Court but may not be. Only evidence in support of motions is filed with the Court. The Court cannot give Appellant legal advice as to "what to do with this new potential evidence." His request for the Court to do so is denied.

The first basis proffered for Appellant's request for another 30-day extension of time is that he has been unable to figure out what to do with the CD. The Court finds this is not good cause for an extension. Appellant does not allege, for example, that he lacks access to the record, that the CD is the only method by which he might access it, and that he cannot figure out how to operate the CD. Rather, he alleges—along with his unsubstantiated suspicions that the CD might contain malware and his frankly incredible allegations that a private firm he paid to analyze the CD found pornography on it—that he is concerned the CD may contain privileged documents. That is no basis to extend time. Second, neither are the issues particularly complex in this case. Third, neither does the Court find good cause to further extend the deadline based on Appellant's alleged medical problems. Appellant's medical problems have not prevented him from researching, authoring, and filing the present 11-page motion listing and arguing several bases for an extension. Fourth, neither is Appellant's *pro se* status good cause for an additional extension in this case. Appellant has prosecuted half a dozen cases *pro se* in this Court and has had no problem filing many briefs and motions in those cases. Indeed, he filed his opening brief in a timely manner in this appeal. Fifth, neither do the interests of justice or the policy of deciding cases on the merits rather than technicalities provide good cause for an extension, because the Court has herein adjudicated the case based on the opening and answering briefs, not based on any technicalities, e.g., failure to file the reply brief within the time ordered, and the case is not a difficult one. There are no close legal or factual issues. Finally, the time limits under Rule 60(c) are irrelevant. The present motion is not in the nature of a Rule 60(b) motion. It is a timely filed motion to extend time that requires no basis under Rule 60(b). In summary, there is no reason to extend the time to reply but delay.

**CONCLUSION**

IT IS HEREBY ORDERED that the case is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Motion (ECF No. 21) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 25) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 25th day of March, 2015.

_____
ROBERT C. JONES
United States District Judge